Filed 8/22/24  Marriage of Chang and Sim CA1/4

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

|  |  |
|---|---|
| In re the Marriage of Britton Chang and Lee Cher Sim. | |
| BRITTON CHANG,<br><br>        Respondent,<br><br>                v.<br><br>LEE CHER SIM,<br><br>        Appellant. | A163816, A167357<br><br>(Contra Costa County<br>Super. Ct. No. D18-02871) |

In this marital dissolution proceeding, self-represented appellant Lee Cher Sim challenges two prejudgment orders entered by the trial court—a ruling awarding interim attorney fees to Sim (but in an amount less than she requested) and a later order directing her to vacate a residence owned by Sim and respondent Britton Chang.  As to the fee award, Sim contends the court erred when it set the lower fee amount based on a conclusion that Sim's failure to comply with her discovery obligations had exacerbated the litigation and unnecessarily increased fees.  Sim argues the prejudgment move-out order was premature.

In Sim's first appeal (No. A163816), we affirm the interim fee award, finding no abuse of discretion.  We dismiss as moot Sim's appeal of the

1

prejudgment move-out order (No. A167357), because the final judgment subsequently entered by the trial court (a judgment that is the subject of a separate appeal) (No. A169775) also directs Sim to vacate the residence.[1]

# I. BACKGROUND[2]

A. *The Dissolution Proceeding:  Status Termination, Discovery, and Other Preliminary Matters*

The parties married on May 21, 2007.  Chang initiated trial court proceedings by filing and serving a petition for dissolution on June 25, 2018.[3]

In a status-only ruling, the trial court (Hon. Joni T. Hiramoto) terminated the marital status as of January 8, 2019.  At the same hearing, the court granted a motion by Chang to compel Sim to produce her initial disclosures.  Sim, who was representing herself at that point in the trial court proceedings, had not appeared for the hearing despite knowing of the date and having made arrangements with CourtCall to appear.

---

[1] Because we resolve the appeals on the grounds stated in the text, we need not address Chang's contentions that (1) the appeals should be dismissed under the disentitlement doctrine because of Sim's violation of trial court orders, and (2) the inadequacy of Sim's appellate brief provides a basis to affirm the challenged orders or dismiss the appeals.  Except as to the dismissal of appeal no. A167357 as discussed in the text, Chang's motion to dismiss these appeals (a motion he combined with his respondent's brief) is denied as moot.

[2] We set forth only the background facts that are relevant to the challenges Sim raises to the two interim orders at issue in this appeal.

[3] As we discuss below, although the dissolution petition was filed in 2018, the trial court later determined (after a bifurcated trial, in an order that is not at issue in the present appeal) that the parties' *date of separation* was much earlier, on November 13, 2008.

Sim obtained counsel in February 2019, but in November 2019 the court granted a motion by counsel to withdraw due to differences in the relationship.

In November 2019, Chang filed a motion to bifurcate for a separate trial the question of the parties' date of separation. In the motion, Chang stated that he would be arguing the date of separation was November 13, 2008, while Sim had taken the position the date of separation was June 25, 2018, the date she was served with Chang's petition for dissolution. In support of his position, Chang asserted in part that, since their marriage in May 2007, he and Sim had never lived together. Chang lived in a Walnut Creek residence, while Sim lived in a Danville home that was in both parties' names (the residence that is at issue in the appeal of the move-out order, no. A167357). Chang alleged Sim had engaged in harassment and emotional abuse that caused him to delay his divorce filing by many years. In February 2020, after hearing argument, the court granted Chang's bifurcation motion and set the date-of-separation issue for trial in September 2020.

In November 2019, in addition to the bifurcation motion, Chang served on Sim a request for production of documents. The demand set a compliance date of January 7, 2020, and when Sim did not respond, Chang filed on January 30, 2020 a motion to compel production and for sanctions.

At a hearing on June 25, 2020 (continued from an earlier date due to the COVID-19 pandemic), the court granted the motion to compel. Sim had obtained new counsel (David Lederman) a few days before the hearing. The court ruled that Sim had waived any objections to the document requests by failing to serve timely objections. The court ordered a full production by

3

July 15, 2020, and imposed $1,500 in sanctions, payable in three payments of $500 per month beginning on July 15, 2020.

Sim filed a motion for reconsideration on July 2, 2020, requesting relief from the finding that she had waived her objections. The motion was set for a hearing on November 9, 2020. For his part, Chang filed in September 2020 a motion alleging Sim had not complied with the court's June 25, 2020 order. Chang sought evidentiary and issue sanctions, as well as monetary sanctions. Among the sanctions requested by Chang was an issue sanction establishing the date of separation as November 13, 2008. In his motion, Chang stated Sim had not paid the sanctions imposed by the court on June 25, had served a response to his document request that included numerous objections (despite the court's order that objections had been waived), and had produced only seven pages in response to the 22 categories of documents requested. Chang's motion was set for hearing on December 11, 2020.

At the November 9, 2020 hearing on Sim's motion for reconsideration, the court denied the motion, finding Sim had not established the prerequisites set forth in Code of Civil Procedure sections 1008 (reconsideration) and 2031.300 (relief from waiver of discovery objections). The court concluded sanctions were appropriate and ordered Sim to pay $2,000, in payments of $1,000 per month beginning on November 30, 2020. In explaining its decision, the court stated: "Ms. Sim does not lack the capacity to follow Court orders. She is a very strong-willed person, which I admire. . . . [¶] But, in this case, it's not because she's unable to, it's because she doesn't want to follow Court orders. She is simply persistent about not doing what she does not want to do. And for these reasons, it's not out of a lack of sympathy, but out of fairness to Mr. Chang that I'm going to order sanctions in the amount of $2,000 to be paid to [Chang]."

4

The court heard Chang's motion for issue and evidentiary sanctions on December 11, 2020. Sim had filed a written response in which she argued in part that she had complied with the discovery requests to the best of her ability, despite health issues, her involvement in automobile accidents, and other problems. She also submitted a supplemental response to the document requests. In a reply brief, Chang argued Sim had consistently failed to timely file and serve pleadings in the case and still had not fully complied with the discovery ordered by the court. Chang also alleged that Sim had taken nearly $70,000 from a joint account funded by Chang and transferred it to Singapore accounts, and that Sim had used Chang's funds to pay expenses related to Sim's condominium in Singapore.

At the December 11, 2020 hearing, Sim was represented by new counsel (Jennifer Keith), who had substituted in for David Lederman. Ms. Keith stated that certain domestic bank documents called for in the request for production would be produced promptly, and that the previously imposed sanctions had or would be paid. Singapore bank documents had not yet been produced. Before ruling, the court stated: "I think that, um, Ms. Sim does not take court orders seriously, and I also think that it is amazing that Ms. Keith was able to, if it is true, that she was able to get some—a check for $2,000 put in the mail yesterday. I think that's amazing, because there was no compliance with the court orders in the past." The court then ruled that it would "order issue preclusion as a sanction on the date of separation to be granted if the Singapore bank documents are not produced on or before" January 22, 2021. In addition, noting that Chang "had to bring this motion," the court imposed an additional $2,500 in monetary discovery sanctions, bringing the total to $6,000.

**B.** *The August 2021 Award of Interim Attorney Fees (Appeal No. A163816)*

In September 2020, Sim (through her then-counsel, David Lederman) filed a motion for temporary spousal support and attorney fees. She sought $50,000 in attorney fees, including $12,000 for fees incurred and $38,000 in prospective fees.

Chang filed a response, in which he argued Sim had failed to comply with discovery requirements and court orders. Chang also alleged Sim had taken funds from a joint bank account and deposited it into her own domestic and Singapore accounts. As to the attorney fee request, Chang stated that the $12,000 that Sim claimed in paid fees were actually paid using Chang's credit card. Chang argued Sim had sufficient funds to pay her own attorney fees.

In reply, Sim (now represented by attorney Jennifer Keith) argued Chang had vastly more income and assets than she did, so an award of spousal support and attorney fees was warranted. Sim stated she had not improperly taken Chang's funds but had used community earnings and had used a credit card with permission.

On July 28, 2021, after continuances and further filings, the court (Hon. Wendy McGuire Coats, who had begun to preside over the case in January) heard Sim's request for spousal support and attorney fees. Sim's counsel orally requested an award of $100,000 in fees (an increase over the $50,000 figure that had been included in Sim's written motion), arguing the higher figure was necessary in light of the ongoing and anticipated litigation. After hearing argument on both the support and fee issues, the court took the matter under submission and asked the parties to file proposed Dissomasters on the issue of support.

6

On August 20, 2021, the court issued its order awarding temporary spousal support and attorney fees. As to support, the court noted Chang had been paying a total of $4,316 per month directly to various providers, including the mortgage, property taxes, and related expenses for the Danville residence where Sim resided, as well as health insurance for Sim. The court ordered that Chang continue to make these direct payments. The court also calculated and ordered that Chang pay additional amounts to Sim as support, some as arrears for prior time periods and some as support going forward.

As to attorney fees, the court stated that, applying the applicable standards under Family Code[4] section 2030, there was a significant disparity between the two parties' incomes. The court also stated the evidence showed that Chang was "the significant income earner," and that (although he had recently retired) he had the ability to pay both his fees and a portion of Sim's fees. The court noted the parties disputed the extent of Sim's need for fees and her access (or lack of access) to additional financial resources.

The court then stated: "Also relevant to the Court's fairness analysis is conduct by the parties that is tending to increase the litigation and thus increase the attorney's fees." Chang alleged Sim's lack of cooperation and candor had increased Chang's fees, which he had last reported as totaling $197,478. Sim reported she had paid $66,376.75 in attorney fees and owed another $55,671.55.

The court directed Chang to pay $10,000 in attorney fees to Sim's counsel. The court explained its decision as follows: "A review of the case file and the parties' briefing . . . convinces this Court that Mr. Chang should pay a portion of Ms. Sim's attorney's fees pursuant to Family Code section 2030. Ms. Sim's failures to comply and cooperate with her discovery obligation,

_____

[4] Undesignated statutory references are to the Family Code.

7

however, have exacerbated the litigation and unnecessarily increased fees and thus, the Court declines to award the significantly higher amount requested by Ms. Sim. [¶] Thus, pursuant to Family Code section 2030, the Court awards only $10,000 in attorney's fees, payable to [Sim's counsel's office]."

On October 21, 2021, Sim (who by then was again representing herself) filed a notice of appeal challenging the court's fee order (initiating appeal no. A163816).

### C. *The August 2022 Ruling on the Date of Separation*

The court (Judge Coats) held a bifurcated trial on the question of the date of the parties' separation, a trial that concluded in February 2022. Sim was represented by counsel during a portion of the trial and later represented herself. In a statement of decision filed in August 2022, the court found the date of separation to be November 13, 2008, finding Chang was a credible witness and had met his burden as to the date of separation.

Sim (through specially appearing counsel) filed a request to certify the ruling on the date of separation for immediate appeal under section 2025 and California Rules of Court, rule 5.392. The trial court denied that request on September 27, 2022.

In these and related rulings, the court found Sim had delayed and obstructed the trial and other proceedings in the case.[5]

### D. *The February 2023 Move-out Order (Appeal No. A167357)*

On February 1, 2023, in response to a motion filed by Chang, the trial court (Hon. Ayana K. Young, to whom the case had been reassigned) entered

---

[5] Although Chang included these court orders in his respondent's appendix in this appeal, the record of the bifurcated trial itself is not part of the record in this appeal, and the ruling on the date of separation is not at issue here.

an order terminating Chang's spousal support obligation as of September 6, 2022, including his obligation under prior orders to pay the mortgage and other expenses related to the Danville home where Sim resided.[6] The court ordered Sim to vacate the home by March 10, 2023, and directed her to pay the costs related to the residence pending her departure. The court ordered that the home be appraised and then listed for sale. The court directed Chang to advance a portion of Sim's interest in the residence toward Sim's relocation costs and to facilitate her securing replacement housing pending resolution of remaining issues in the case.

On March 9, 2023, Sim (representing herself) filed a notice of appeal challenging the court's February 1, 2023 order (initiating appeal no. A167357).

We granted Chang's motion to consolidate appeal nos. A163816 and A167357 for briefing, argument, and decision.

### E. *The Move-Out Order in the December 2023 Final Judgment*

On December 21, 2023, following a trial on the remaining issues in the case, the court (Judge Young) entered a "final judgment on reserved issues," addressing the parties' property and support rights and obligations. As relevant here, the court directed in the final judgment that Sim vacate the Danville residence within 14 days of the filing date of the judgment.[7]

---

[6] Chang's motion on this issue (filed on September 6, 2022) is not included in the record in this appeal. Sim filed no written opposition to the motion, although the court's order reflects she appeared (in propria persona) at the January 9, 2023 hearing on the matter. The appellate record also does not include a reporter's transcript of the January 9, 2023 hearing on the motion, although the court stated in its February 1, 2023 written order that its ruling followed "discussion on the record."

[7] Although Chang has included some potentially relevant documents in his appendix, it is not clear from the present record why Sim remained in (or

9

In February 2024, Sim (representing herself) filed a notice of appeal challenging the court's final judgment and the court's earlier date-of-separation ruling (initiating appeal no. A169775). That appeal is pending and has not been consolidated with the present appeals.

## II. DISCUSSION

### A. *Attorney Fees*

Sim contends the court erred by awarding her $10,000 in interim attorney fees in its August 2021 order, rather than the full amount she requested ($50,000 in her written motion, which her counsel orally asked to increase to $100,000 at the hearing). We find no error.

The court's order granting in part and denying in part Sim's request for pendente lite attorney fees is an appealable order. (*In re Marriage of Nakamoto & Hsu* (2022) 79 Cal.App.5th 457, 468.) The court awarded fees under section 2030, which " 'permits the trial court to order payment of attorney fees and costs as between the parties based upon their "ability to pay" and their "respective incomes and needs" in order to "ensure that each party has access to legal representation to preserve all of the party's rights." ' "[8] (*In re Marriage of Nakamoto & Hsu*, at pp. 468–469.)

Section 2032 provides that an award of fees under section 2030 is to be "just and reasonable under the relative circumstances of the respective

returned to) the home after the March 10, 2023 move-out date that was set in the February 1, 2023 order. In any event, that question is irrelevant to resolution of the present appeals.

[8] Section 2030, subdivision (a)(1) provides that "the court shall ensure that each party has access to legal representation, including access early in the proceedings, to preserve each party's rights . . ." by ordering one party to pay to the other party "whatever amount is reasonably necessary for attorney's fees and for the cost of maintaining or defending the proceeding during the pendency of the proceeding."

parties." (§ 2032, subd. (a).) In making this determination, financial resources are only one factor to consider. (*Id.*, subd. (b).)[9] A party's trial tactics and litigation conduct may also be considered. (See *In re Marriage of Falcone & Fyke* (2012) 203 Cal.App.4th 964, 975.) In particular, the court " 'should limit an award to fees that were reasonably necessary, including by taking into account overlitigation.' " (*In re Marriage of Nakamoto & Hsu*, *supra*, 79 Cal.App.5th at p. 469.) We review a denial (or, as here, a partial denial) of fees under section 2030 for abuse of discretion. (*In re Marriage of Nakamoto & Hsu*, at p. 469.)

In ruling on Sim's fee request, the court did not abuse its discretion. Instead, it considered appropriate factors and made a thoughtful decision. The court, applying section 2030, found that there was a significant disparity in the parties' incomes and that Chang had the ability to pay both his attorney fees and a portion of Sim's fees. The court also noted the parties disputed the extent of Sim's need and other financial resources that might be available to her. Finally, the court considered the parties' litigation conduct, finding that Sim's "failures to comply and cooperate with her discovery obligation . . . have exacerbated the litigation and unnecessarily increased

---

[9] Section 2032, subdivision (b) states: "In determining what is just and reasonable under the relative circumstances, the court shall take into consideration the need for the award to enable each party, to the extent practical, to have sufficient financial resources to present the party's case adequately, taking into consideration, to the extent relevant, the circumstances of the respective parties described in Section 4320. The fact that the party requesting an award of attorney's fees and costs has resources from which the party could pay the party's own attorney's fees and costs is not itself a bar to an order that the other party pay part or all of the fees and costs requested. Financial resources are only one factor for the court to consider in determining how to apportion the overall cost of the litigation equitably between the parties under their relative circumstances."

11

fees . . . ." For this reason, the court awarded Sim $10,000 in fees, rather than the full amount she requested.

The record (as described in part I.A, *ante*) amply supports the court's determination that Sim's discovery conduct resulted in unnecessarily increased fees. In particular, Sim's failure to provide timely, sufficient responses to a set of document requests served by Chang in November 2019 resulted in extensive motion practice lasting for more than a year, as well as multiple awards of sanctions against Sim. The record also includes trial court findings that Sim chose not to comply with court orders.

Sim contends briefly that the court's fee reduction was improper because she already had paid $6,000 in sanctions based on the court's earlier rulings in discovery. She argues that should have concluded the matter, and when the court reduced the award of section 2030 fees to Sim, it was acting to further "punish" her for the discovery violations. We disagree, and we conclude Sim has not shown the court abused its discretion. The amounts awarded to Chang as discovery sanctions may have compensated him for some of the attorney fees he had to incur in bringing discovery motions, but that did not obligate the court to conclude that all of *Sim's* incurred and projected fees were reasonable. Based on the record, the court reasonably could conclude Sim overlitigated discovery matters and engaged in obstreperous conduct that drove up both sides' fees unnecessarily. We will affirm the court's award to Sim of $10,000 in interim fees.[10]

---

[10] Because we affirm the court's attorney fees order on the merits, we need not address Chang's arguments that Sim's fee motion was procedurally defective and that she failed to provide an adequate record to support her appellate claim.

## B. *The Move-out Order*

Sim asserts the portion of the court's February 1, 2023 order directing her to vacate the Danville residence by March 10, 2023 was "premature." Chang responds by arguing initially that the challenged order "does not appear to be appealable." We disagree. An order granting injunctive relief (here, requiring Sim to vacate the residence) is appealable. (Code Civ. Proc., § 904.1, subd. (a)(6); *Rivera v. Hillard* (2023) 89 Cal.App.5th 964, 974.)

But we agree with Chang that Sim's appeal of the February 1, 2023 move-out order is moot, because the court's December 21, 2023 final judgment directs Sim to vacate the Danville residence. "[A] final judgment granting a permanent injunction renders an appeal from the order granting the preliminary injunction moot." (*Anderson v. County of Santa Barbara* (2023) 94 Cal.App.5th 554, 567.) If we were to reverse the court's February 1, 2023 move-out order (as "premature" or on other grounds), that would not provide effective relief to Sim (i.e., it would not allow her to live in the residence), because she has since been ordered to move out in any event. (*MHC Operating Limited Partnership v. City of San Jose* (2003) 106 Cal.App.4th 204, 214 [" 'When no effective relief can be granted, an appeal is moot and will be dismissed.' "].) We will dismiss Sim's appeal of the February 1, 2023 move-out order as moot.[11]

---

[11] In addition to the two orders that we have discussed in the text, Sim states in her appellate brief that she disagrees with the trial court's ruling on the parties' date of separation, although she states she is uncertain if the issue may be raised in the present appeal. As discussed, the trial court declined to certify the date-of-separation ruling for immediate appeal, and that order is not before us in this appeal.

## III. DISPOSITION

In No. A163816, the trial court's August 20, 2021 order awarding Sim $10,000 in attorney fees is affirmed.

In No. A167357, the appeal of the trial court's February 1, 2023 order directing Sim to vacate the Danville residence by March 10, 2023 is dismissed as moot.

Chang shall recover his costs on appeal.

STREETER, J.

WE CONCUR:

BROWN, P. J.
GOLDMAN, J.